ACCEPTED
01-14-00941-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
4/7/2015 9:47:46 AM
CHRISTOPHER PRINI
CLERK

NO. 01-14-00941-CR

IN THE

COURT OF APPEALS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
4/7/2015 9:47:46 AM
CHRISTOPHER A. PRINE
Clerk

Patrick Dunbar Jesse,
Appellant

V.

THE STATE OF TEXAS

# FIRST MOTION TO MAKE TRIAL COURT'S CERTIFICATION OF APELLANT'S RIGHT TO APPEAL FILE MARKED FEBRUARY 12, 2015 A PART OF THE RECORD

Hattie Sewell Shannon
Attorney for Appellant
6750 West Loop South
Suite 825
Bellaire, Texas 77401
Telephone: (832) 767-1498
Fax: (832) 767-1506
TBN 13155700

TO THE FIRST COURT OF APPEALS:

Pursuant to TEX. R. APP. P., PATRICK DUNBAR JESSE, files this First Motion To Make Trial Court's Certification Of Appellant's Right To Appeal File Marked February 12, 2015 A Part of The Record.

Counsel for Appellant relies on the reason that Appellant's case was tried on three different occasions. The first two trials resulted in hung juries. After the hung jury in November 2014, Judge Brown completed the trial court's certification which stated that there was no right to appeal until final judgment is entered. Said certification was filed on November 6, 2014.

Appellant's case was retried and another trial court certification was filed on February 12, 2015 stating that this case is not a plea bargain, and the defendant has the right to appeal. This document was signed by Judge Susan Brown on February 12, 2015.

Therefore, Appellant should be permitted to appeal his case.

Respectfully Submitted,

Hattie Sewell Shannon
Hattie Sewell Shannon
Attorney for Appellant
6750 West Loop South
Suite 825
Bellaire, Texas 77401

Telephone: (832) 767-1498
Fax: (832) 767-1506
TBN 13155700

## PRAYER FOR RELIEF

For the reason set forth above, Appellant requests that this court grant this First Motion To Make Trial Court's Certification Of Appellant's Right To Appeal File Marked February 12, 2015 A Part Of The Record.

Respectfully Submitted,

*Hattie Sewell Shannon*
Hattie Sewell Shannon,
6750 West Loop South, Suite 825
Bellaire, Texas 77401
(832) 767–1498
FAX: (832) 767-1506
TBN 13155700

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing instrument has been tendered to the Clerk of the First Court of Appeals to be deposited in the box reserved for the Harris County District Attorney's Office.

*Hattie Sewell Shannon.*
Hattie Sewell Shannon

 

Cause No. 1370984

THE STATE OF TEXAS

IN THE 85th DISTRICT COURT

v.

COUNTY CRIMINAL COURT AT LAW NO. _____

Patrick Jesse, Defendant

HARRIS COUNTY, TEXAS

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL*

I, judge of the trial court, certify this criminal case:

- [✓] is not a plea-bargain case, and the defendant has the right of appeal. [or]
- [ ] is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial, and not withdrawn or waived, and the defendant has the right of appeal. [or]
- [ ] is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [or]
- [ ] is a plea-bargain case, and the defendant has NO right of appeal. [or]
- [ ] the defendant has waived the right of appeal.

FEB 12 2015

_____
Judge

_____
Date Signed

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals's judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the Court of Criminal Appeals. TEX. R. APP. P. 68.2 I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

_____
Defendant

_____
Defendant's Counsel

Mailing Address: _____

State Bar of Texas ID number: 24034314

Telephone number: _____

Mailing Address: 1776 Yorktown Dr., Ste 35C

Fax number (if any): _____

Telephone number: 713 664 6800

Fax number (if any): 281 404 9021

Unofficial Copy Office of Chris Daniel District Clerk

FILED
Chris Daniel
District Clerk
FEB 12 2015
Time:_____
Harris County, Texas
_____ Deputy

* "A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case-that is, a case in which a defendant's plea was guilty or *nolo contendere* and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant - a defendant may appeal only: (A) those matters that were raised by a written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEXAS RULES OF APPELLATE PROCEDURE 25.2(a)(2).

CLERK

9/1/2011

 

Cause No. 1370984

THE STATE OF TEXAS

IN THE 18S DISTRICT COURT

v.

COUNTY CRIMINAL COURT AT LAW NO. _____

Patrick Jesse , Defendant

HARRIS COUNTY, TEXAS

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL*

I, judge of the trial court, certify this criminal case:

- ☐ is not a plea-bargain case, and the defendant has the right of appeal. [*or*]
- ☐ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial, and not withdrawn or waived, and the defendant has the right of appeal. [*or*]
- ☐ is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [*or*]
- ☐ is a plea-bargain case, and the defendant has NO right of appeal. [*or*]
- ☐ the defendant has waived the right of appeal.
- ☑ Case is still pending. Under No right to appeal until final judgment is entered. See Art Tx Rule Civ Pro 1.3. A __ ____ Nov 6, 2014

_____          _____
Judge                            Date Signed

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals's judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the Court of Criminal Appeals. TEX. R. APP. P. 68.2 I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

_____          _____
Defendant                        Defendant's Counsel

Mailing Address: _____          State Bar of Texas ID number: _____

Telephone number: **FILED**          Mailing Address: _____
Chris Daniel
District Clerk

Fax number (if any): _____          Telephone number: _____

NOV 06 2014          Fax number (if any): _____

Time:_____
Harris County, Texas

* "A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case-that is, a case in which a defendant's plea was guilty or *nolo contendere* and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant - a defendant may appeal only: (A) those matters that were raised by a written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEXAS RULES OF APPELLATE PROCEDURE 25.2(a)(2).

CLERK

9/1/2011
232